**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS, LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:16-cv-356<br>) |
| EXODUS MACHINES USA, INC., EXODUS MACHINES, LLC d/b/a BLADECORE, and GENESIS ATTACHMENTS, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, AMTRUST INTERNATIONAL UNDERWRITERS, LTD., ("AmTrust International"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment states as follows:

**INTRODUCTION**

1. This is an insurance coverage declaratory judgment action wherein Plaintiff AmTrust International seeks a declaration of "no coverage" in connection with an "Underlying Action" pending before this Honorable Court sounding in patent infringement brought by Defendant herein GENESIS ATTACHMENTS, LLC ("Genesis") against Defendants herein EXODUS MACHINES USA, INC. ("Exodus Inc.") and EXODUS MACHINES, LLC d/b/a BLADECORE ("Exodus LLC"). AmTrust International issued a policy of liability insurance to Exodus that, while providing (subject to its terms and conditions) Private Company Liability coverage, excludes coverage for, among other things, patent infringement. Thus, any coverage

that could otherwise apply under the subject AmTrust International Policy does not apply for the Underlying Action.

## PARTIES, JURISDICTION AND VENUE

2. AmTrust International is, and at all times relevant hereto was, an insurance corporation organized and existing under the laws of the Republic of Ireland with its U.S. principal place of business in New York, New York.

3. Exodus Inc. is, and at all times relevant hereto was, a Wisconsin corporation with its principal place of business in Superior, Wisconsin.

4. Exodus LLC is, and at all times relevant hereto was, a Delaware limited liability company with its principal place of business in Superior, Wisconsin. The membership of Exodus LLC consists of Exodus Inc. and Caterpillar, Inc. As noted above, Exodus Inc. is a Wisconsin corporation with its principal place of business in Superior, Wisconsin. Caterpillar, Inc. is a Delaware corporation with its principal place of business in the State of Illinois.

5. Genesis is, and at all times relevant hereto was, a Delaware limited liability company with its principal place of business in Superior, Wisconsin. The membership of Genesis consists solely of Paladin Brands Group, Inc., which is a Delaware corporation with its principal place of business in the State of Illinois.

6. This Court has subject matter jurisdiction in connection with this matter pursuant to 28 U.S.C. §1332(a) because this matter is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of costs and interest. Specifically with respect to the amount in controversy, the Underlying Action seeks compensatory damages and treble damages in excess of $75,000.

7. This Court has personal jurisdiction over all named Defendants herein because named Defendant has its principal place of business in the State of Wisconsin and/or has purposefully availed itself of the protections of Wisconsin law as described in this Complaint for Declaratory Judgment.

8. There exists and actual controversy between AmTrust International and one or more of the named Defendants herein and, therefore, this Court is authorized to make binding declarations of rights having the force of final judgments in connection with the matters asserted herein pursuant to 28 U.S.C. § 2201(a).

9. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint for Declaratory Judgment occurred within the Western District of Wisconsin.

## THE UNDERLYING ACTION

10. Pending before this Court is a matter styled *Genesis Attachments, LLC v. Exodus Machines USA, Inc., et al.*, Case No. 15-cv-462 (the "Underlying Action"), which was filed with this Court on or about July 24, 2015.  A copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit A.

11. The Complaint filed in the Underlying Action (the "Underlying Action Complaint") names Genesis as the sole Plaintiff.

12. The Underlying Action Complaint names Exodus and Exodus LLC as Defendants.

13. The Underlying Action Complaint begins with a section entitled "Nature of Action" and alleges that the Underlying Action is for "patent infringement under 35 U.S.C. § 271, *et. seq.*, by Genesis against [Exodus and Exodus LLC] for infringement of United States Patent No. RE45,341 ('the RE'341 patent')."

3

14. The Underlying Action Complaint purports assert a single cause of action which is entitled "Patent Infringement of U.S. Patent No. RE45,341."

15. The Underlying Action Complaint alleges that on January 20, 2015, the United States Patent and Trademark Office duly and legally issued the RE'341 patent, as a broadening reissue of United States Patent No. 7,895,755, entitled "Replaceable Demolition Shear Piercing Tip" (the "755 patent").

16. The Underlying Action Complaint alleges that Genesis is the assignee of the 755 patent and the RE'341 patent.

17. The Underlying Action Complaint alleges that Exodus and Exodus LLC have been engaging in infringing activity, by making, using, selling, offering for sale and/or importing into the United States products, including without limitation shear tips for the Genesis XP Series shear, which are alleged to be covered by the claims of the RE'341 patent, without authorization from Genesis in violation of 35 U.S.C. § 271.

18. The Underlying Action Complaint contains a section entitled "Prayer for Relief," in which Genesis seeks the following:

   a. A declaration that Exodus and Exodus LLC have infringed one or more of the claims of the RE'341 patent in violation of 35 U.S.C. § 271;

   b. Equitable relief under 35 U.S.C. § 283, including, but not limited to, permanently enjoining Exodus and Exodus LLC and their officers, agents, employees, assigns, representatives, privies, successors, and all those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of the RE'341 patent;

   c. An award of damages adequate to compensate Genesis for Exodus's and Exodus LLC's infringement of the RE'341 patent, together with prejudgment and post-judgment interest under 35 U.S.C. § 284;

   d. A declaration or order finding that Exodus's and Exodus LLC's infringement is willful and/or an order increasing damages up to and

       including three times the amount found or assessed consistent with 35 U.S.C. § 284;

e. A declaration that this case is "exceptional" under 35 U.S.C. § 285 and awarding Genesis its reasonable attorney fees, costs, and expenses; and

f. Such other relief deemed just and proper.

## THE AMTRUST INTERNATIONAL POLICY

19. AmTrust International issued a policy of liability insurance to Exodus LLC under Policy No. EUC1001277 02 (the "AmTrust International Policy") for a policy period of April 8, 2015 to April 8, 2016. A copy of the Policy is attached as Exhibit B.

20. The Insuring Agreements to the Directors and Officers and Private Company Liability **Coverage Element** of the AmTrust International Policy state, in relevant part, as follows:

> **Coverage C: Company Coverage**
> The **Insurer** shall pay **Loss** of a **Company** arising from a **Claim** first made against a **Company** during the **Policy Period** or the Extended Reporting Period if applicable for any actual or alleged **Wrongful Act** of a **Company**.

21. The Directors and Officers and Private Company Liability **Coverage Element** of the AmTrust International Policy defines **Loss** to include "that amount that any insured becomes legally obligated to pay in connection with any covered **Claim**," including "judgments" and "damages." The Directors and Officers and Private Company Liability **Coverage Element** of the AmTrust International Policy specifically defines **Loss** not to include "the costs and expenses of complying with any injunctive relief or other form of non-monetary relief."

22. The Directors and Officers and Private Company Liability **Coverage Element** of the AmTrust International Policy defines **Claim** to include a civil proceeding which is commenced by the service of a complaint.

23. The "Exclusions" Section of the Directors and Officers and Private Company Liability **Coverage Element** of the AmTrust International Policy states that any otherwise applicable coverage under Coverage C. thereof does not apply to any **Loss** in connection with any **Claim** made against any **Insured**:

> alleging, arising out of, based upon or attributable to invasion of privacy, plagiarism, misappropriation, infringement or violation of copyright, patent, trademark, trade secret, service mark, trade name or any other intellectual property rights.

### COUNT I – DECLARATORY JUDGMENT
### EXCLUSION FOR MISAPPROPRIATION, INFRINGEMENT OR VIOLATION OF PATENT

24. AmTrust International incorporates and re-alleges each and every allegation of paragraphs 1 through 23 above, as if each and every such allegation was set forth in full herein.

25. In order for coverage to potentially apply under Coverage C. of the Directors and Officers and Private Company **Coverage Element** of the AmTrust International Policy, a **Company** must incur **Loss** arising from a **Claim** first made against a **Company** during the **Policy Period** for any actual or alleged **Wrongful Act** of a **Company**.

26. The Exclusions Section of the Directors and Officers and Private Company **Coverage Element** of the AmTrust International Policy states that any otherwise applicable coverage under Coverage C. thereof does not apply to any **Loss** in connection with any **Claim** made against an **Insured** alleging, arising out of, based upon or attributable to misappropriation, infringement, or violation of patent.

27. The Underlying Action alleges, arises out of, is based upon and/or is attributable to the misappropriation, infringement or violation of a patent.

28. Therefore, to the extent that Exodus and/or Exodus LLC incur **Loss** in connection with the Underlying Action, such **Loss** is excluded from coverage under the terms and conditions of the Directors and Officers and Private Company **Coverage Element** of the AmTrust International Policy.

29. Because any **Loss** incurred by Exodus and/or Exodus LLC is excluded from coverage under the terms and conditions of the Directors and Officers and Private Company **Coverage Element** of the AmTrust International Policy, AmTrust International has no coverage obligation in connection with the Underlying Action.

WHEREFORE, AmTrust International Underwriters Limited prays this Honorable Court to:

A. Adjudicate and determine the rights of the parties hereto under the AmTrust International Policy;

B. Find and declare that AmTrust International is under no obligation to provide any coverage to Exodus or Exodus, LLC for the **Claim** that is the Underlying Action;

C. Find and declare that AmTrust International is under no obligation to pay to Genesis any amount of any judgment entered the Underlying Action or settlement reached in connection with the Underlying Action; and

D. Grant AmTrust International any and all further relief that this Honorable Court may deem equitable and just.

Respectfully submitted,

/s/ Rostyslaw J. Smyk
Rostyslaw J. Smyk, Esq.
Karl H. Schook, Esq.
**Ruberry, Stalmack & Garvey, LLC**
10 South LaSalle Street, Suite 1800
Tel. 312-466-8050
ross.smyk@rsg-law.com
karl.schook@rsg-law.com
Attorneys for Plaintiff